```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 11-2226(DSD/LIB)
```

Randt Recycling Technologies,
Inc., a Minnesota corporation,
and Lubrication Technologies,
Inc., a Minnesota corporation,

        Plaintiffs,

v.                                                               **ORDER**

Lee's Oil Service, LLC, a
Minnesota Limited liability
company, Lee E. Randt, Darren
L. Randt, Jessica A. Randt,
and Ronald Kern,

        Defendants.

      Francis J. Rondoni, Esq., Jeffrey D. Bores, Esq. and
      Chestnut Cambronne, P.A., 17 Washington Avenue North,
      Suite 300, Minneapolis, MN 55401, counsel for plaintiffs.

      Gregory R. Anderson, Esq. and Anderson, Larson, Hanson &
      Sanders, PLLP, P.O. Box 130, Willmar, MN 56201, counsel
      for defendants.

This matter came before the court on August 12, 2011, upon the motion by plaintiffs Randt Recycling Technologies, Inc. (Randt Recycling) and Lubrication Technologies, Inc. for a temporary restraining order (TRO) against Lee's Oil Service, LLC, Lee E. Randt, Darren L. Randt, Jessica A. Randt and Ronald Kern.  Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This dispute arises out of the sale of the assets of Randt Oil Company by Lee E. Randt to defendants in 2005. Pursuant to an Asset Purchase Agreement, Lee Randt sold "all contract rights with suppliers and customers," all of his interest "in trade names including the names Randt Oil Company and similar proprietary rights," "[a]ll customer lists and vendor lists including addresses of each customer and vendor" and "all government licenses." See V. Compl. Ex. A. § 1.1. The EPA number was transferred to Randt Recycling. See Ex. C. The only assets excluded were "cash and deposits in bank account," "prepaid taxes and insurance," "accounts receivable" and "used filters, absorbents, and anti-freeze." Id. § 1.2. Thereafter, Randt Recycling employed the individual defendants.

In May and June 2011, defendants downloaded confidential, proprietary customer and price lists and a complete sales report. In May, June and July 2011, defendants quit working for Randt Recycling and became employees of Lee's Oil Service. Defendants began servicing the customers of Randt Recycling. They told Randt Recycling customers that it had gone out of business. See Houle Decl ¶¶ 3-5, Greer Decl. ¶¶ 3-17. Defendants also used the EPA license number of Randt Recycling. See Houle Decl. Exs. B-C.

On August 4, 2011, plaintiffs filed a verified complaint alleging violation of § 43 of the Lanham Act, the Minnesota Uniform

Deceptive Trade Practices Act, the Minnesota Uniform Trade Secrets Act and the Computer Fraud and Abuse Act, as well as several other common law claims. Plaintiffs move for a TRO. On August 12, 2011, the court heard argument; all parties were represented by counsel. In accordance with the grant of the motion following argument, the court now addresses the motion.

**DISCUSSION**

A TRO is an extraordinary equitable remedy, and the movant bears the burden of establishing its propriety. See Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). The court considers four factors in determining whether a TRO should issue: (1) the threat of irreparable harm to the movant in the absence of relief, (2) the balance between that harm and the harm that the relief may cause the non-moving party, (3) the likelihood of the movant's ultimate success on the merits and (4) the public interest. See Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

**I.   Irreparable Harm**

Plaintiffs argue that defendants' use of proprietary customer information and false statements about Randt Recycling damages its goodwill. To show irreparable harm, "a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Iowa Utils. Bd. v.

F.C.C., 109 F.3d 418, 425 (8th Cir. 1996). "[P]otential loss of goodwill qualifies as irreparable harm." Id. at 426. Based on defendants' false representations and use of proprietary information, the court finds that plaintiffs have demonstrated that they are likely to suffer irreparable harm to their goodwill without equitable relief. Moreover, where as here, the misrepresentations have a tenancy to deceive, harm is presumed in the context of violation of § 43 of the Lanham Act. See Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc., 633 F.2d 746, 753 (8th Cir. 1980). Therefore, this factor weighs in favor of plaintiffs.

**II.  Balance of Harms**

The court has already determined that plaintiffs' reputation and goodwill are harmed by defendants' acts. Balanced against that harm is the harm to defendants' ability to operate Lee's Oil Service. Such harm is lessened, however, because Lee's Oil Service may continue to operate and compete lawfully. Defendants' self-infliction of harm further lessens the weight. See Anytime Fitness, Inc. v. Reserve Holdings, LLC, No. 08-4095, 2008 WL 5191853, at *7 (D. Minn. Oct. 8, 2008). Therefore, this factor weighs in favor of plaintiffs.

**III.  Likelihood of Success on the Merits**

The court next considers the "most significant" Dataphase factor: likelihood that the movant will prevail on the merits. S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir.

4

1992). In this case, the unrefuted evidence offered by plaintiffs suggests that they are likely to prevail on the merits of their Lanham Act, trade secret, deceptive trade and contract claims.[1] Therefore, this factor weighs in favor of plaintiffs.

## IV. Public Interest

There is a public interest in upholding contractual agreements. There also is a public interest, however, in unrestrained competition. Here, it appears that defendants are engaged in unfair competition. Therefore, the public interest factor favors plaintiffs, and based upon a balancing of the four Dataphase factors, a TRO is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for a temporary restraining order [Doc. No. 2] is granted;

2. Defendants, their agents, employees, and other firms or corporations acting or claiming to act on defendants' behalf, or in concert or participation with defendants are hereby restrained from:

---

[1] By listing these claims, the court does not suggest that plaintiffs' other claims lack merit, but merely notes that plaintiffs are likely to succeed these claims. Cf. United Healthcare Ins. Co. v. AdvancePCS, 316 F.3d 737, 742-43 (8th Cir. 2002).

5

    a.    Using or disclosing any of plaintiffs' confidential, proprietary and trade secret information and documents;

    b.    Using the EPA number of Randt Recycling;

    c.    Engaging in business operations that directly or indirectly derive from defendants' wrongful conduct, including, but not limited to, all contact with the following customers of plaintiffs: Dakota Westmoreland; Dickinson Tire Service; Stallion Oil Services; Basin Hydraulic Co, LLC; Nelson International; Continental Resources; West Plains Implement; Trotter Home Construction;

    d.    Making false representations about the status of Randt Recycling;

3.    Defendants shall immediately return all of plaintiffs' confidential, proprietary and trade secret information and documents and all copies thereof;

4.    Plaintiffs shall provide security to defendants in the form of a bond or deposit of cash with the Clerk of Court in the amount of $5,000; and

5.    This order shall remain in effect for fourteen days.

Dated: August 12, 2011

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court