UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-2226(DSD/LIB)

Lube-Tech Liquid Recycling,
Inc. (f/k/a Randt Recycling
Technologies, Inc.), a
Minnesota corporation, and
Lubrication Technologies, Inc.,
a Minnesota corporation,

       Plaintiffs.

v.                                                  **ORDER**

Lee's Oil Service, LLC, a
Minnesota Limited Liability
Company, Lee E. Randt, Darren
L. Randt, Jessica A. Randt,
Ronald Kern and Elaine Randt,

       Defendants.

    Francis J. Rondoni, Esq. and Chestnut Cambronne, PA, 17 Washington Avenue North, Suite 300, Minneapolis, MN 55401, counsel for plaintiffs.

    Gregory R. Anderson, Esq., and Anderson, Larson, Hanson & Saunders, PLLP, P.O. Box 130, Willmar, MN 56201, counsel for defendants.

This matter is before the court upon the motion for summary judgment by defendants. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion in part.

**BACKGROUND**

This business dispute arises out of the sale of Randt Oil Company (Randt Oil) by defendant Lee Randt. On June 29, 2005, Lee

Randt sold Randt Oil to Christian Bame, principal of plaintiff Lubrication Technologies, Inc. (Lube-Tech). The agreement contemplated that Lee Randt would relinquish rights to certain real property; contract rights with suppliers and customers; used oil inventory; tools, machinery and equipment; certain tanks and fixtures; any interest in trade names; vehicles; customer lists; saleable goodwill; and government licenses.[1] Rondoni Decl. Ex. C, § 1.

On July 5, 2005, Lube-Tech hired Lee Randt's son, defendant Darren Randt, for the position of Operations Manager. D. Randt Dep. 65:3-7. In conjunction with this position, Darren Randt signed an employment and noncompetition agreement.[2] Id. at 58:11-59:7. Darren Randt's wife, defendant Jessica Randt was also hired by Lube-Tech, and she performed the day-to-day operations of the company. See J. Randt Dep. 25:5-9, 50:7-11.

In spring 2011, Lee Randt and his wife, defendant Elaine Randt, purchased two oil trucks and formed defendant Lee's Oil Service, LLC (Lee's Oil). Lee's Oil is an oil recovery business

---

[1] Upon purchasing the company, Bame changed the name of Randt Oil to Randt Recycling Technologies, Inc. (Randt Recycling). Bame Dep. 19:9-20:2. Subsequent to initiating litigation, Randt Recycling changed its name to Lube-Tech Liquid Recycling, Inc. For ease of reading and to avoid confusion, the court also refers to this entity as Lube-Tech.

[2] Although Darren Randt admits to signing a noncompetition agreement, the terms are unknown, as it is not part of the record. D. Randt Dep. 58:11-59:7.

that is "no different" than Randt Oil. L. Randt Dep. 114:12-14, 114:24-115:16. Unlike Randt Oil, however, Elaine Randt is the sole owner of Lee's Oil. Id. at 115:7-9.

On May 16, 2011, Darren Randt resigned from Lube-Tech and began working for Lee's Oil. D. Randt Dep. 120:9-16. Jessica Randt followed suit, and left Lube-Tech and began working for Lee's Oil in July 2011. J. Randt Dep. 69:3-14. Prior to leaving Lube-Tech, however, Jessica Randt downloaded a customer list and pricing index. Id. at 118:22-119:2; see also Rondoni Decl. Ex. I (screen-shot of computer login dates).

Also in July 2011, defendant Ronald Kern, a driver for Lube-Tech, resigned and began driving for Lee's Oil. Kern Dep. 25:6-12. Upon joining Lee's Oil, Kern continued to service many of the same customers. Id. at 81:17-20. Several customers explain that Kern informed them that Lube-Tech "was no longer in business" and would not be able to service their account. See Houle Decl. ¶ 3, Farnum Decl. ¶¶ 4-15.

On August 30, 2011, Lube-Tech filed an amended complaint alleging violations of the Computer Fraud and Abuse Act (CFAA), the Lanham Act, the Uniform Deceptive Trade Practices Act and the Uniform Trade Secrets Act. Lube-Tech also alleged common law fraud, trade secret misappropriation, breach of contract, tortious interference with business relationships and contract, civil theft, breach of fiduciary duty and usurpation of corporate business

3

opportunities. Defendants answered and asserted state-law counterclaims for unpaid wages, fraud and intentional interference with prospective economic advantage.

On September 8, 2011, the court issued a preliminary injunction, enjoining defendants from disclosing any proprietary information belonging to Lube-Tech, engaging in business with certain oil suppliers or making false statements about Lube-Tech. The preliminary injunction remains in place, and defendants move for summary judgement.

**DISCUSSION**

**I. Standard of Review**

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

The court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise

4

a genuine issue for trial.  See Celotex v. Catrett, 477 U.S. 317, 324 (1986).  Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Id. at 322-23.

**II. CFAA**

Lube-Tech first argues a violation of the CFAA.  Specifically, Lube-Tech argues that Jessica Randt downloaded a customer list and pricing index during the last month of her employment and that she did so for the improper purpose of benefitting Lee's Oil.

Under the CFAA, a person who "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains ... information from any protected computer" is subject to imprisonment and a fine.  18 U.S.C. § 1030(a)(2)(C), (c).  A protected computer is any computer used in or affecting interstate commerce.  Id. § 1030(e)(2)(B).  Although the CFAA is primarily a criminal statute, the act also provides a civil remedy.  Id. § 1030(g).  The CFAA does not define "without authorization," but provides that "exceeds authorized access" means "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter."  Id. § 1030(e)(6).

"The Eighth Circuit has not determined whether the CFAA imposes civil liability on employees who access information with

permission but with an improper purpose." Walsh Bishop Assocs., Inc. v. O'Brien, No. 11-2673, 2012 WL 669069, at *2 (D. Minn. Feb. 28, 2012) (citation omitted). In Walsh Bishop, however, the court determined that a violation of the CFAA requires more than misappropriation of information, and instead explained that the relevant inquiry was "whether defendants accessed information that they were forbidden to access." Id. at *3; see Sebrite Agency, Inc. v. Platt, 884 F. Supp. 2d 912, 917-18 (D. Minn. 2012) ("The Court continues to believe that the narrower interpretation of the CFAA is more consistent with statutory text, legislative history, and the rule of lenity." (citation omitted)).

Here, there is no allegation that Jessica Randt obtained information that she was forbidden from accessing, and in fact, one of her principal responsibilities was to implement a software program to catalog Lube-Tech's customer list. Peterson Dep. 47:12-15; J. Randt Dep. 57:14-20. Moreover, Lube-Tech does not allege that it had any security measures or a computer-use policy in place. Peterson Dep. 91:12-16. As a result, there is no evidence that any defendant obtained information that they were forbidden from accessing. Therefore, summary judgment as to the CFAA claim is warranted.

**III. Lanham Act**

Lube-Tech next alleges a violation of the Lanham Act. Specifically, Lube-Tech argues that the logo and manifest used by

6

Lee's Oil are nearly identical to Lube-Tech's and that they were designed to create consumer confusion.[3] The court separately analyzes the Lanham Act claim as to each purported mark.

**A.  Logo**

Lube-Tech first argues that Lee's Oil copied its logo.[4] Both logos include an oil drop, recycling sign and the name of the respective entity. See Rondoni Decl. Ex. J (comparison of logos).

"To prove a trademark infringement claim, a plaintiff must show that it has a valid, protectible mark and that there is a likelihood of confusion between its mark and the defendant's mark." B&B Hardware, Inc. v. Hargis Indus., Inc., 569 F.3d 383, 389 (8th Cir. 2009) (citation omitted). Lube-Tech's logo is not registered with the United States Patent and Trademark Office, and thus it bears the burden to establish that the logo is a protectable mark. See Frosty Treats, Inc. v. Sony Computer Entm't Am. Inc., 426 F.3d 1001, 1003 (8th Cir. 2005).

---

[3] Lube-Tech also alleges that use of the name Lee's Oil, was "designed to create an implication of continuity from Randt Oil" and that "this name was precluded by the Asset Purchase Agreement." Pls.' Mem. Opp'n 19. Neither of these allegations, however, gives rise to a claim under the Lanham Act.

[4] The court notes that the mark in question is actually a service mark. See 15 U.S.C. § 1127 (distinguishing trademark and service mark). Such a distinction does not, however, alter the court's analysis. Mid-State Aftermarket Body Parts, Inc. v. MQVP, Inc., 466 F.3d 630, 633 (8th Cir. 2006) (noting that distinction between trademark and service mark "is not particularly relevant for the purposes of the likelihood of confusion analysis" (citation and internal quotation marks omitted)).

7

The court categorizes marks into four categories: "(1) generic, (2) descriptive, (3) suggestive, or (4) arbitrary or fanciful." Id. at 1004-05 (citation and internal quotation marks omitted). These categories have specific meanings:

> A generic mark refers to the common name or nature of an article, and is therefore not entitled to trademark protection. A term is descriptive if it conveys an immediate idea of the ingredients, qualities or characteristics of the goods, and is protectible only if shown to have acquired a secondary meaning. Suggestive marks, which require imagination, thought, and perception to reach a conclusion as to the nature of the goods, and arbitrary or fanciful marks, are entitled to protection regardless of whether they have acquired secondary meaning.

Id. at 1005 (citations and internal quotation marks omitted). At best, Lube-Tech's logo is descriptive, as "the mark is seen on the goods or services, [and] it immediately conveys information about their nature." Am. Ass'n for Justice v. Am. Trial Lawyers Ass'n, 698 F. Supp. 2d 1129, 1142 (D. Minn. 2010) (citation omitted). As a result, to be protectable, Lube-Tech must demonstrate that the mark has acquired secondary meaning. See Frosty Treats, 426 F.3d at 1005 (making secondary meaning inquiry in examination of descriptive mark).

"Secondary meaning is an association formed in the minds of consumers between the mark and the source or origin of the product." Id. at 1005 (citations and internal quotation marks omitted). "The consuming public need not identify a source by

8

name, but must recognize the mark and associate it with a single source." Am. Ass'n for Justice, 698 F. Supp. 2d at 1142-43 (citations and internal quotation marks omitted). The best indicia of secondary meaning is direct evidence, such as "[c]onsumer surveys and testimony of consumers." Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 871 (8th Cir. 1994) (citation omitted). Circumstantial evidence, however, can also be used to demonstrate secondary meaning. Such evidence may include: "the exclusivity, length and manner of use of the mark; the amount and manner of advertising; the amount of sales and number of customers; the plaintiff's established place in the market; and the existence of intentional copying." Frosty Treats, 426 F.3d at 1005-06 (citation omitted).

The only evidence to support a finding of secondary meaning is Lube-Tech's claim of consumer confusion. Specifically, Lube-Tech alleges that "numerous customers ... were confused over the fact that ... [defendants] falsely told them that Randt Recycling was no longer in business." Houle Decl. ¶ 3; see Farnum Decl. ¶¶ 4-15 (same). There is no evidence, however, that consumer confusion resulted from the alleged similarity between the marks. As a result, Lube-Tech has made no showing of secondary meaning. Therefore, the logo is not entitled to trademark protection, and summary judgment is warranted.

**B. Manifest**

Lube-Tech next argues that Lee's Oil copied its manifest. The court analyzes such a claim under the theory of trade dress infringement. See Insty*Bit, Inc. v. Poly-Tech Indus., Inc., 95 F.3d 663, 667 (8th Cir. 1996) ("The trade dress of a product is the total image of a product, the overall impression created, not the individual features." (citations and internal quotation marks omitted)). To establish a claim for trade dress infringement, Lube-Tech must demonstrate that its trade dress is: "(1) inherently distinctive or acquired distinctiveness through secondary meaning; (2) nonfunctional; and (3) its imitation would result in a likelihood of confusion in consumers' minds as to the source of the product." Gateway, Inc. v. Companion Prods., Inc., 384 F.3d 503, 507 (8th Cir. 2004) (citation omitted).

As an initial matter, the court notes that "[t]o recover for trade-dress infringement under § 43(a) of the Lanham Act, a party must first identify what particular elements or attributes comprise the protectable trade dress." Tumblebus Inc. v. Cranmer, 399 F.3d 754, 768 (6th Cir. 2005) (citation omitted). In other words, "it will not do to solely identify in litigation a combination as 'the trade dress.' Rather, the discrete elements which make up that combination should be separated out and identified in a list." Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc., 280 F.3d 619, 634 (6th Cir. 2002) (citation and internal quotation

marks omitted). Here, Lube-Tech identifies no discrete elements that comprise the trade dress, and this alone warrants dismissal.

Moreover, Lube-Tech cannot demonstrate that the manifest is nonfunctional. A feature is functional "if it is essential to the use or purpose of the article or if it affects the costs or quality of the article." TrafFix Devices, Inc. v. Mktg. Displays, Inc., 532 U.S. 23, 33 (2001) (citations and internal quotation marks omitted). In other words, "a functional feature is one the exclusive use of [which] would put competitors at a significant non-reputation-related disadvantage." Id. (alterations in original) (citation and internal quotation marks omitted). Allowing Lube-Tech to trademark its manifest, which lists, among other things, customer name, contact information and gallons of oil received, see Rondoni Decl. Ex. J, would put competitors at a non-reputation-related disadvantage. As a result, the manifest is not subject to trade dress protection, and summary judgment on the Lanham Act claim is warranted.

**IV. Remaining State Law Claims**

The court has already dismissed the CFAA and Lanham Act claims, the only claims for which original jurisdiction existed. The court must now consider whether to exercise supplemental jurisdiction over the remaining state-law claims. See 28 U.S.C. § 1367(c)(3); Johnson v. City of Shorewood, Minn., 360 F.3d 810, 819 (8th Cir. 2004). "[I]n the usual case in which all federal-law

claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 756 (8th Cir. 2010) (per curiam) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Based on consideration of the pendent jurisdiction factors, the court does not exercise its discretion to take supplemental jurisdiction over the state-law claims. Therefore, the court dismisses Lube-Tech's remaining state law claims without prejudice.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment [ECF No. 74] is granted in part, consistent with this order;

2. Plaintiffs' Computer Fraud and Abuse Act and Lanham Act claims are dismissed with prejudice;

3. Plaintiffs' state-law claims are dismissed without prejudice;

4. Defendants' state-law counterclaims are dismissed without prejudice; and

5. The Clerk of Court is directed to return plaintiffs' $5,000.00 bond [ECF No. 23] posted on August 16, 2011.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   June 3, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court